**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW HAMPSHIRE**

Christopher Robert Beaulieu

   v.                                              Civil No. 15-cv-004-JL

Andrew S. Winters, James Dunn Quay,
Paul A. Halvorsen, Kevin A. Partington,
Jim Bouley, John Duval, and Timothy O'Malley

**REPORT AND RECOMMENDATION**

    Before the court is plaintiff Christopher Beaulieu's complaint (doc. no. 1), filed pursuant to 42 U.S.C. § 1983, asserting federal constitutional violations and state common law claims.  Beaulieu names as defendants City of Concord officials, police officers, the prosecutor, and defense counsel who were involved in bail revocation proceedings pending against Beaulieu in 2010 and 2011, arising out of charges that Beaulieu violated bail conditions in December 2010 by contacting the victim in the underlying criminal case.  The complaint is here for preliminary review, pursuant to 28 U.S.C. § 1915A and LR 4.3(d)(1).

**Preliminary Review Standard**

    In conducting preliminary review of pro se prisoner pleadings under 28 U.S.C. § 1915A and LR 4.3(d)(1), the court construes the pleading liberally in determining whether a pleading states a claim.  See Erickson v. Pardus, 551 U.S. 89,

94 (2007).  Disregarding any legal conclusions, the court considers whether the factual content in the pleading and inferences reasonably drawn therefrom, taken as true, state a plausible claim to relief.  Hernandez-Cuevas v. Taylor, 723 F.3d 91, 102-03 (1st Cir. 2013) (citing Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)).

## Discussion

I. **Background**

Beaulieu asserts that Jim Bouley, Mayor of Concord; (former) Concord Police Department ("CPD") Chief John Duval; CPD Officer Kevin Partington; CPD Lt. Timothy O'Malley; court-appointed defense counsel, Attorneys Andrew Winters and James Quay, who represented Beaulieu in bail revocation proceedings in 2011; and Attorney Paul Halverson, who prosecuted Beaulieu for that bail violation, are all liable for violations of Beaulieu's constitutional rights relating to that proceeding, and for breach of contract and/or negligence.  All of the facts alleged in the complaint relate to events that occurred in 2010 or 2011.  Beaulieu filed a complaint to initiate this action in January 2015.

Beaulieu filed similar claims in a different case in 2011, in which he asserted that a prosecutor, Attorney Catherine Ruffle, and his court-appointed defense counsel, Attorney James

2

D. Quay, conspired to deprive him of his federal constitutional rights.  The claims in that case arose out of the same bail revocation proceedings at issue in the complaint here.  See Beaulieu v. Quay, 11-cv-514-JL (complaint filed Nov. 8, 2011). The court dismissed that complaint in May 2012, for failure to state a claim, upon approving the Report and Recommendation which found, among other things, that Attorney Quay was not a state actor and could not be liable under § 1983, and that Attorney Ruffle was entitled to prosecutorial immunity for her decisions relating to the bail revocation proceeding.  See id., 2012 U.S. Dist. LEXIS 67045, at *6-*9 (D.N.H. Apr. 4, 2012), report and recommendation approved, 2012 U.S. Dist. LEXIS 67044, 2012 WL 1676985 (D.N.H. May 14, 2012).

I.   **Statute of Limitations**

There is a three-year statute of limitations applicable to actions arising under 42 U.S.C. § 1983 in New Hampshire.  See Gorelik v. Costin, 605 F.3d 118, 121 (1st Cir. 2010); see also N.H. Rev. Stat. Ann. § 508:4, I.  Section 1983 claims "generally accrue when the plaintiff knows, or has reason to know of the injury on which the action is based," which is deemed to occur at the time of the act itself.  Gorelik, 605 F.3d at 122.  All of the allegations in the complaint relate to events occurring before November 2011.  Any section 1983 claims arising from

those events accrued more than three years before Beaulieu filed this action in January 2015.

Where the facts alleged in the complaint show that the claims are time-barred, and there is no possibility that the statute may have been tolled, the court may dismiss the complaint on preliminary review. See <u>Pigott v. Lynn Police Dep't</u>, 7 F.3d 218, 1993 WL 375821, at *5, 1993 U.S. App. LEXIS 24692, at *17-*18 (1st Cir. Sept. 27, 1993). Nothing in Beaulieu's complaint indicates that there are extraordinary circumstances present in his case for which equitable tolling could apply. Accordingly, all of the federal claims in the complaint should be dismissed as they were not timely filed.

## II. **Prior Case**

The May 14, 2012, Order, and ensuing judgment, in Beaulieu's prior case, <u>Beaulieu v. Quay</u>, No. 11-cv-514-JL, 2012 U.S. Dist. LEXIS 67044, 2012 WL 1676985 (D.N.H. May 14, 2012), preclude Beaulieu from litigating similar claims here. Attorney Halverson, the prosecutor named as a defendant in this case, is immune from Beaulieu's claims relating to his exercise of prosecutorial discretion in the bail revocation proceeding in the same manner that this court previously deemed Attorney Ruffle to be immune, and Attorneys Winters and Quay are not state actors who may be held liable under § 1983, just as this

4

court previously found with respect to Attorney Quay in that prior case.  See id., 2012 U.S. Dist. LEXIS 67045, at *6-*9 (D.N.H. Apr. 4, 2012) (citing Georgia v. McCollum, 505 U.S. 42, 53 (1992); Polk Cnty. v. Dodson, 454 U.S. 312 (1981); and Imbler v. Pachtman, 424 U.S. 409, 430 (1976)), report and recommendation approved, 2012 U.S. Dist. LEXIS 67044, 2012 WL 1676985 (D.N.H. May 14, 2012).  Accordingly, the § 1983 claims against Attorneys Winters, Quay, and Halverson should be dismissed for those reasons, even if the claims were not otherwise barred by the statute of limitations.

### III. CPD Officers and Concord Officials

The complaint names CPD Officer Partington and Lt. O'Malley, former CPD Chief Duval, and Concord Mayor Bouley as defendants, but does not allege sufficient facts relating to those defendants to show how they may be deemed liable for violating Beaulieu's rights.  Accordingly, Beaulieu's complaint as to those defendants should be dismissed for failure to state a claim upon which relief can be granted, even if those claims are not found to be time-barred.

### III. State Claims

This court may decline to exercise jurisdiction over state law claims where all of the federal claims are dismissed.  See 28 U.S.C. § 1367(c)(3).  In this case, the district judge should

decline to exercise supplemental jurisdiction over Beaulieu's state law claims, and should dismiss those claims without prejudice to refiling in state court.

### Conclusion

For the foregoing reasons, the district judge should dismiss the federal claims in this case for failure to state a claim upon which relief can be granted, and should decline to exercise supplemental jurisdiction over the state law claims, thereby dismissing the state claims without prejudice.  Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice.  See Fed. R. Civ. P. 72(b)(2).  Failure to file objections within the specified time waives the right to appeal the District Court's order.  See United States v. De Jesús-Viera, 655 F.3d 52, 57 (1st Cir. 2011); Sch. Union No. 37 v. United Nat'l Ins. Co., 617 F.3d 554, 564 (1st Cir. 2010).

_____
Andrea K. Johnstone
United States Magistrate Judge

April 13, 2015

cc:   Christopher Robert Beaulieu, pro se